

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,359-01

### EX PARTE JOSHUA ISAIAH JOYNER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016CR3747-W1 IN THE 386TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*. KEEL and SLAUGHTER, JJ., dissented.

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The Fourth Court of Appeals affirmed his conviction. *Joyner v. State*, No. 04-16-00677-CR (Tex. App.—San Antonio Sept. 20, 2017) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for various reasons, that the State introduced false testimony, and that the State suppressed favorable impeachment evidence. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Chabot*, 300 S.W.3d 768, (Tex. Crim. App. 2009); *Brady v. Maryland*,

373 U.S. 83 (1963). The trial court filed findings of fact and conclusions of law. Both the Applicant and the State request that this application for a writ of habeas corpus be remanded to the trial court for an evidentiary hearing and further findings of fact and conclusions of law. Accordingly, the record should be further developed, and an evidentiary hearing shall be conducted. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In further developing the record, the trial court may use any means set out in Article 11.07, § 3(d). The trial court shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims. The trial court shall further supplement the record with the Reporter's Record from Applicant's trial.

The trial court shall conduct an evidentiary hearing and make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 7, 2022
Do not publish